# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>        Petitioner,<br><br>   v.<br><br>A. CIOLLI,<br><br>        Respondent. | Case No. 1:20-cv-01148-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR ORDER REGARDING TRUST ACCOUNT STATEMENT, AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF Nos. 2, 3) |

Petitioner James Luedtke is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner fails to state a cognizable federal habeas corpus claim, and this Court does not have jurisdiction to entertain Petitioner's request for compassionate release. Accordingly, the undersigned recommends that the petition be dismissed.

## I.

## BACKGROUND

Petitioner is currently confined at the United States Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Eastern District of

///

1

Wisconsin. (ECF No. 1 at 1).[1] On August 17, 2020, Petitioner filed in the instant federal habeas petition, wherein Petitioner requests compassionate release due to various physical and mental maladies, including several chronic illnesses, carpal tunnel syndrome, cardiovascular disease, arterioscierosis, and early onset Alzheimer's disease. (ECF No. 1 at 2, 6–7). Petitioner requests that the Court resentence Petitioner to time served and order Petitioner's immediate release. (ECF No. 1 at 7).

## II.

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."

"Section 2241 provides that habeas corpus review is available to persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Gutierrez-Chavez v. I.N.S., 298 F.3d 824, 827 (9th Cir. 2002), opinion amended on denial of reh'g, 337 F.3d 1023 (9th Cir. 2003) (quoting 28 U.S.C. § 2241). "Section 2241 explicitly says that one who is in custody may file a habeas petition if he or she alleges that such custody violates the constitution or federal law (or treaties)." Gutierrez-Chavez, 298 F.3d at 827. Here, Petitioner does not allege that his custody is in violation of the Constitution, federal law, or treaties. Rather, Petitioner requests compassionate release due to his medical conditions, which is not a matter of unlawful or unconstitutional restraint. Accordingly, Petitioner fails to state a cognizable federal habeas corpus claim, and the petition should be dismissed. See Figueroa v. Chapman, 347 F. App'x 48, 50 (5th Cir. 2009) (holding that a § 2241 petition "may be granted if the inmate 'is in custody in violation of the Constitution or laws or treaties of the United States'" but that a

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

petitioner does not allege such a violation when the "application is for compassionate release due to her medical needs").

To the extent Petitioner is seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), his request is before the wrong court. "Only the original sentencing court can entertain such requests." Bolden v. Ponce, No. 2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (citing United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted . . . ."); Rodriguez-Aguirre v. Hudgins, 739 F. App'x 489, 491 n.2 (10th Cir. 2018) ("[T]he district court lacked authority to entertain [petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request in the district in which he is currently confined rather than in the district that imposed his sentence.")). "Petitioner may not short-circuit this requirement to file in the sentencing district by petitioning for such relief pursuant to Section 2241 in the custodial district." Bolden, 2020 WL 2097751, at *3.

### B. Motion to Appoint Counsel

Petitioner moves the Court to appoint counsel given his lack of legal training and the difficulty of obtaining evidence and independent diagnoses as an inmate proceeding *pro se*. (ECF No. 2). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of the petition, the motion, and Petitioner's other submissions to the Court, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. As it appears that the petition should be dismissed for lack of jurisdiction, Petitioner does not demonstrate a likelihood of

success on the merits such that the interests of justice require the appointment of counsel at the present time. Accordingly, the motion to appoint counsel is denied.

### C. Motion for Order Regarding Trust Account Statement

Petitioner also moves the Court to order Respondent to send a copy of Petitioner's account statement to the Court. (ECF No. 3). Along with the motion, Petitioner submitted a financial affidavit in order for the filing fee to be waived. (ECF No. 4). The Court previously authorized Petitioner to proceed *in forma pauperis* on August 18, 2020. (ECF No. 7). Accordingly, the Court denies as moot Petitioner's motion for an order regarding his trust account statement.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

## IV.

## ORDER

Further, the Court HEREBY ORDERS that:

1. Petitioner's motion to appoint counsel (ECF No. 2) is DENIED;
2. Petitioner's motion for order regarding trust account statement (ECF No. 3) is DENIED as MOOT; and
3. The Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28

U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2020**  /s/ *Eric P. Groj*
UNITED STATES MAGISTRATE JUDGE