UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>   Petitioner,<br><br>  v.<br><br>A. CIOLLI,<br><br>   Respondent. | No. 1:20-cv-01148-DAD-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTIONS FOR RECUSAL<br><br>(Doc. Nos. 4, 9, 11) |

  Petitioner James Luedtke is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**MOTIONS FOR RECUSAL**

  On August 17, 2020 and October 1, 2020, petitioner filed motions to recuse the undersigned from presiding over this action.  (Doc. Nos. 4, 11.)  Petitioner's motions to recuse are brought pursuant to 28 U.S.C. § 455(a) (Doc. Nos. 4 at 4; 11 at 4), which provides: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The standard for recusal under § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.

1

1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).)  Unlike a motion to disqualify under 28 U.S.C. § 144, § 455 has no procedural requirements and includes no provision for the referral of the question of recusal to another judge.  *See United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980).  Thus, the decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue.  *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

      Here, petitioner asserts that the undersigned must be recused from presiding over this action because the undersigned has previously issued orders ruling against petitioner and because petitioner does not agree with the undersigned's interpretations of the law and the standards governing those claims.  (*See* Doc. Nos. 4 at ¶¶ 2, 7, 14, 16; 11 at ¶¶ 2, 7.)  Petitioner alleges that the undersigned is biased against "any and all pro se litigation" and in "cahoots" with the Board of Prisons.  (*See* Doc. Nos. 4 at ¶¶ 4, 8, 9, 11; 11 at ¶¶ 2–3, 10, 12, 14.)  Petitioner further speculates that the undersigned must be biased against *pro se* litigants because "illegally assign[s] himself" to all pro se litigation and "[t]here clearly is no random assignment of cases . . . ."[1]  (*See* Doc. Nos. 4 at ¶ 1 ; 11 at ¶ 1.)  Petitioner also asserts that because petitioner has filed as many as four complaints against the undersigned with the Judicial Council, that it is a "conflict of interest" for the undersigned to be assigned to this case while those complaints are pending.  (Doc. No. 11 at ¶ 8.)

      Not only is petitioner incorrect, petitioner has also failed to present any facts, as opposed to speculation, to suggest impartiality or bias on the part of the undersigned.  Moreover, opinions formed by the judge "in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540,

---

[1] While the court rejects the implications leveled by petitioner, the fact the undersigned has been assigned to each of petitioner's cases is a function of the ongoing judicial emergency in this district, not a conspiracy.  As described in the court's Amended Standing Order in Light of the Ongoing Judicial Emergency in the Eastern District of California, since February 2020, the undersigned has been placed in the untenable position of overseeing all criminal and civil cases while serving as the only active District Judge in Fresno.  (Standing Order at 2–3.)

555 (1994); *Smith v. Weiss*, No. 1:18-cv-00852-NONE-BAM-PC, 2020 WL 1650757, at *4 (E.D. Cal. Apr. 3, 2020); *Dustin v. Kern Valley State Prison Pers.*, No. 1:19-cv-00989-LJO-SAB-PC, 2020 WL 1640017, at *2 (E.D. Cal. Apr. 2, 2020) ("'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion[ ]'because judicial rulings do not rely on an extrajudicial source and 'can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'") (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994).)  Prior judicial rulings unfavorable to petitioner are a basis for appeal, not recusal.  *See Liteky*, 510 U.S. at 555.  Lastly, the court notes that a judge is not disqualified by complaints with the Judicial Council.  *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (describing a litigant's suit or threatened suit against the court), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984); *see also United States v. Studley*, 783 F.2d 934, 939–40 (9th Cir. 1986).  The Ninth Circuit has held that "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed."  *Ronwin*, 686 F.2d at 701.

Petitioner's motions for recusal of the undersigned (Doc. Nos. 4, 11) will be denied because they are both frivolous as well as based solely on speculation and the prior judicial actions of the undersigned.  Therefore, the undersigned will not recuse himself.

**PENDING FINDINGS AND RECOMMENDATIONS**

On September 11, 2020, the assigned magistrate judge reviewed the pending petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and issued findings and recommendation, recommending dismissal of the petition because the petition was not a true federal habeas petition, determining it was instead a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 9.)  The pending findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations.  On October 1, 2020, petitioner's timely objections were docketed.  (Doc. No. 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

3

objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In the objections, petitioner expresses numerous, unsupported disagreements with the pending findings and recommendations. (Doc. No. 10.) However, those findings and recommendations clearly and correctly describe that petitioner is unable to seek compassionate release or a reduction of sentence pursuant to § 3582 through a federal habeas petition; and to the extent petitioner wishes to seek relief under § 3582, petitioner must file the motion before the sentencing court, the United States District Court for the Eastern District of Wisconsin, because this court does not have jurisdiction to hear such a motion.[2] (Doc. No. 9 at 1, 3) (citing cases.)

Finally, the court will decline to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claim to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. Petitioner's motion for recusal (Doc. No. 4) and motion to substitute judge (Doc No. 11) are denied;

---

[2] Petitioner is further advised that if petitioner seeks to file such a motion in the Eastern District of Wisconsin, the motion must be supported by evidence such as medical records.

2. The findings and recommendation issued on September 11, 2020 (Doc. No. 9) are adopted in full;

3. The petition for writ of habeas corpus is dismissed due to petitioner's failure to state a claim;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __March 30, 2021__           _Dale A. Drozd_
                                    UNITED STATES DISTRICT JUDGE